IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: §<br><br>§   Chapter 13<br>PENDALL LABRONZE CARROLL, §<br><br>§   Case No. 16-50896-a998<br>Debtor. §<br><br>§<br>RENT-A-CENTER, INC. d/b/a §<br>ACCEPTANCE NOW, §<br><br>§<br>Movant, §<br><br>§<br>vs. §<br><br>§<br>PENDALL LABRONZE CARROLL and §<br>ADAM M. GOODMAN, Chapter 13 Trustee, §<br><br>§<br>Respondents. § | |

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN that a Motion for Relief from the Automatic Stay has been filed in the above-styled case. In the event a hearing cannot be held within thirty (30) days from the filing of the Motion for Relief from the Automatic Stay as required by 11 U.S.C. §362, Movant, waives this requirement and agrees to the next earliest possible date, as evidenced by the signature below. The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the Court orders otherwise. **The hearing will be held on the 24ᵗʰ day of March, 2016, at 1:15 p.m., Courtroom 1204, U. S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303.**

Within three (3) days of the date of this notice, Movant's attorney, or a *pro se* Movant, shall serve this Motion and this notice upon the Debtor(s). Trustee and their attorneys of record, and shall file a certificate of service within three (3) days of service.

This ____ day of March, 2016.

_____
Daniel C. Jenkins
Georgia Bar No. 142345
*Attorney for Rent-A-Center*
*d/b/a Acceptance Now*

KARSMAN, McKENZIE & HART
21 W. Park Ave.
Savannah, GA 31401
daniel@kmtrial.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 13 |
| PENDALL LABRONZE CARROLL, | § | |
| | § | Case No. 16-50896-a998 |
| Debtor. | § | |
| | § | |
| RENT-A-CENTER, INC. d/b/a | § | |
| ACCEPTANCE NOW, | § | |
| | § | |
| Movant, | § | CONTESTED MATTER |
| | § | |
| vs. | § | |
| | § | |
| PENDALL LABRONZE CARROLL and | § | |
| ADAM M. GOODMAN, Chapter 13 Trustee, | § | |
| | § | |
| Respondents. | § | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW Movant, Rent-A-Center, Inc., d/b/a Acceptance Now ("Movant"), a party in interest in the above-styled case, and respectfully shows the Court the following:

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 362.

2.

On or about August 13, 2015, Pendall LaBronze Carroll ("Debtor") executed a Lease-Purchase Agreement to lease that certain LED television (Model #LED600) and computer (Model #CMP700) ("Leased Property").

3.

On January 15, 2016, Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code and then converted to Chapter 7 of Title 11 thereafter.

4.

Debtor had the right to terminate the Lease Agreement "at any time".

5.

Debtor's Plan states that direct payments will be made towards the Lease Agreement.

6.

At present, Debtor is in default and owing for due on rental agreement XXXX236, plus fees and costs dating back to the payment(s) due on October 1, 2015.

7.

Upon information and belief, Debtor remains in possession of the Leased Property.

8.

As of the date of commencement of this case, Movant is the owner of the Leased Property subject to the referenced Lease Agreement.

9.

Movant is entitled to relief from the automatic stay in that Movant's interest in the Leased Property would be irreparably harmed by continuation of the automatic stay with respect to said Debtor.

10.

Section 362(d)(1) of the Bankruptcy Code grants authority to a court to grant relief from the automatic stay by terminating, modifying, or annulling the stay, for cause, including a lack of adequate protection of a party's interest in its property. Movant does not have adequate protection of its interest in the Leased Property due to the Debtor's continuous failure to honor the payment terms under the Lease Agreement. Consequently, cause exists to grant Movant relief from the automatic

stay so Movant may exercise its remedies under the Lease Agreement and applicable nonbankruptcy law.

11.

Pursuant to Section 362(d)(2) of the Bankruptcy Code, the Court is authorized to lift the automatic stay if the Debtor lacks equity in the subject property and the property is not necessary for an effective reorganization. Here, the Leased Property is without equity as it is leased property, and the Leased Property is not necessary for an effective reorganization by the Debtor.

12.

In the event a hearing cannot be held within thirty (30) days from the filing of the Motion for Relief from the Automatic Stay as required by 11 U.S.C. 362(e), Movant waives this requirement and agrees to the next earliest possible date, as evidenced by the signature below, and the undersigned further consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the Court orders otherwise.

WHEREFORE, Movant respectfully prays that upon final consideration of this Motion;

1. That this Court terminate or modify all stays entered pursuant to 11 U.S.C. § 362 to permit Movant to take possession of its Collateral and dispose of same and further proceed immediately with its remedies under applicable non-bankruptcy law to gain physical possession of same;

2. That this Court expressly provide said relief not be stayed as provided for under Bankruptcy Rule 4001(a)(3);

3.  That Movant be permitted to file a claim for any deficiency resulting after disposition of

the Collateral if appropriate;

4.  That Movant have such other and further relief as this Court deems just and proper.


This _____ day of March, 2016.

Daniel C. Jenkins
Georgia Bar No. 142345
*Attorney for Rent-A-Center*
*d/b/a Acceptance Now*

KARSMAN, McKENZIE & HART
21 W. Park Ave.
Savannah, GA 31401
daniel@kmtrial.com

## RENTAL PURCHASE AGREEMENT

**DEFINITIONS/AGREEMENT** As used in this agreement "you" and "your" mean the person(s) signing this lease as lessee/renter/consumer; "we" and "our" mean the lessor/owner (the rental company); "property" means the items described in the disclosures; and "lease" means this Rental Purchase Agreement including the disclosures.

**RENTAL TRANSACTION** THIS IS A RENTAL TRANSACTION.

**ASSIGNMENT** We may sell, transfer or assign this lease without notice to you.

**TITLE/OWNERSHIP** We retain title to the property at all times and will pay any taxes which may be levied on the property. You do not own the property unless you buy it or acquire ownership as provided by the terms of this lease.

**CARE OF THE PROPERTY** You cannot sell, mortgage, pawn, pledge, encumber, hock or dispose of the property. Except for property that is designed to be carried by the person, you cannot move the property from your current residence without our consent. Each of these acts is a breach of this lease.

**REINSTATEMENT** If you fail to make a timely rental payment, you may reinstate the agreement, without losing any rights or options which exist under the agreement, by the payment of all past due rental charges, and any applicable late fee within 5 days of the renewal date. If you return or voluntarily surrender the property, other than through judicial process, you may reinstate the agreement during a period of not less than 30 days after the date of the return of the property. In the event you have paid not less than 60% of the amount called for under the contract to obtain ownership, the reinstatement period shall be extended to a total of 90 days after the date of the return of the property. In the event you have paid not less than 80% of the amount called for under the contract to obtain ownership. The reinstatement period shall be extended to a total of 180 days after the return of the property.

**TERMINATION** You may terminate this agreement without penalty by voluntarily surrendering or returning the property to us in good condition at any time. You will be liable for any unpaid rental payments due as of the date of return and/or for any damage, fair wear and tear excepted.

**OUR RIGHT TO REPOSSESSION** If you do not renew this lease or if you breach this lease, we have the right to possession of the property. If that happens, you agree to return the property or make arrangements for us to take possession of it. If you fail or refuse to comply with this requirement, you agree to pay our costs incurred in taking possession of the property including reasonable attorney's fees.

---

### RENTAL PURCHASE DISCLOSURES

**Date:** Aug 13, 2015
**Lessor:** Acceptance Now
5245 Highway 153
Hixson     TN 37343-4910
(423) 870-6917 LOC: 9655-M

**Agreement Number:**            3
**Consumer:** CARROLL, PENDALL L

**RENTAL TERMS** Monthly     Rental payments are due at the beginning of each term that you choose to rent the property. There are no refunds if you choose to return the property before the end of the term.

**DESCRIPTION OF PROPERTY**

| Item # | Description | Model # | Serial # | New or Used | Item Cash Price |
|---|---|---|---|---|---|
| 0965500563 | TELEVISION /LED TV | LED600 | | NEW | $417.99 |
| 0965500564 | COMPUTER EQUI/COMPUTER | CMP700 | | NEW | $571.77 |

**INITIAL PAYMENT** Payments are due at the beginning of each term that you choose to lease the property. Your initial payment will include the following charges:

| Rent | Optional Liability Damage Waiver | Optional Delivery Charge | Processing Fee | Sales Tax | Total |
|---|---|---|---|---|---|
| $75.17 | $7.52 | $.00 | $40.00 | $11.35 | $134.04 |

**RENEWAL PAYMENTS** You are not obligated to renew this Agreement beyond the initial term. However, if you choose to renew this Agreement beyond the initial term, or beyond any subsequent renewal term, you may do so by making an advance rental payment on the    01   of each month.

Your first renewal payment is due      Tuesday                 Sep 01, 2015
                                         Day                       Date

**Payments**

| | Rental Payment | Optional Liability Damage Waiver | Tax | Total |
|---|---|---|---|---|
| Monthly | $119.99 | $12.00 | $12.21 | $144.20 |

**OTHER CHARGES**

| Optional Damage Waiver Fee | Optional Delivery Charge | Processing Fee | Late Charge |
|---|---|---|---|
| $12.00/Month | $.00 | $40.00 | $20.00 |

Optional Expedited Payment Fee:     $1.99 fee for a telephone payment assisted by a customer service representative who will immediately confirm that the payment has been applied to your account. (There is no fee for renewal payments made at our store or by visiting us online at acceptancenow.com and selecting the ePay icon.)

**TOTAL OF PAYMENTS** If you choose to acquire ownership through periodic rental , you must rent the property for the number of months shown below. The Total of Payments stated includes all rental payments plus sales tax, but does not include optional liability damage waiver fees and other charges, such as late charges you may incur by late payment renewal, or reinstatement fees. You should read the contract for an explanation of these charges.

Monthly     If you choose to acquire ownership through monthly rental, you will make    21  payments: the initial rental payment of    $75.17 ,    19  monthly payments of    $119.99  and a final payment of    $44.82  for a total of   $2,399.80  in rent and sales tax of    $222.00  for a Total Cost of  $2,621.80

Free rent allowance will not reduce total rent or purchase-option amounts. Sales taxes are subject to changes in the applicable tax rate.

**TOTAL CASH PRICE OF THE PROPERTY**     $989.76, plus sales tax. The Total Cash Price may reflect applicable promotional discount on agreements for the rental of more than 1 item.

**OWNERSHIP** We own the property described above. You will not own the property until you have made the number of payments and the total of payments necessary to acquire ownership, or exercised an early purchase option.

**EARLY PURCHASE OPTION** If you have complied with the terms of this Agreement, you can buy the property at any time. First, you must pay any past due lease payments and other charges due as of the time you want to exercise the early purchase option. The purchase price will then be the amount shown on the attached "Early Purchase Option Chart" next to the number of payments you have made, plus tax.

**RISK OF LOSS** You are responsible for the fair market value of the property if it is lost, stolen, damaged, or destroyed.

**MAINTENANCE AND WARRANTY** We are responsible to make all normal repairs as long as you are leasing the property. We will not be responsible for the costs or the results of any unauthorized repairs or damage caused by improper use. If any part of a manufacturer's express warranty covers the leased property at the time you acquire ownership of the property, it will be transferred to you, if allowed by the terms of the warranty.

**ARBITRATION** An Arbitration Agreement comes with and is incorporated into this rental purchase agreement. You should read the Arbitration Agreement before signing this agreement.

**DO NOT SIGN BEFORE YOU READ** Do not sign this Rental Purchase Agreement before you read it, including the Arbitration Agreement, or if it contains any blank spaces. You are entitled to an exact copy of the Rental Purchase Agreement you sign. Keep it to protect your legal rights.

YOU AGREE BY SIGNING THIS LEASE THAT (1) YOU READ IT, (2) YOU UNDERSTAND IT AND (3) YOU RECEIVED A SIGNED COPY OF IT.

DATE: _8/13/15_          CONSUMER: _____

LESSOR: _____          CONSUMER: _____

CPTTN1E v2.4 rev. 03/13/14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 13 |
| PENDALL LABRONZE CARROLL, | § | |
| | § | Case No. 16-50896-a998 |
| Debtor. | § | |
| | § | |
| RENT-A-CENTER, INC. d/b/a | § | |
| ACCEPTANCE NOW, | § | |
| | § | |
| Movant, | § | |
| | § | |
| vs. | § | |
| | § | |
| PENDALL LABRONZE CARROLL and | § | |
| ADAM M. GOODMAN, Chapter 13 Trustee, | § | |
| | § | |
| Respondents. | § | |

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the *"Motion for Relief from Automatic Stay"* and *"Notice of Assignment of Hearing"* filed in the above-styled matter to be served via Notice of Electronic Filing to those parties listed below who are registered participants of the Electronic Case Filing System.

**Adam M. Goodman, 13 Trustee**                    **Carson R. Walden, Debtor's Attorney**

I hereby certify that on March ___, 2016, I caused the above-referenced pleadings to be served by depositing same in the United States Mail, with adequate first class postage affixed, addressed to those parties listed below who are not registered participants of the Electronic Case Filing System:

**Pendall LaBronze Carroll, 9103 Fairington Ridge Circle, Lithonia, GA 30058**

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: March ___, 2016.                    By: _____
                                                                    Daniel C. Jenkins, Bar No. 142345

KARSMAN, McKENZIE & HART
21 W. Park Ave.
Savannah, GA 31401
daniel@kmtrial.com